**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1620

JOANN D. BRITT,

       Plaintiff - Appellant,

      v.

LOUIS DEJOY, Postmaster General,

       Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:19-cv-00401-RDB)

Argued: September 22, 2021                                    Decided: September 14, 2022

Before WILKINSON and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Daniel Lewis Cox, COX LAW CENTER, LLC, Baltimore, Maryland, for Appellant. Rebecca Ann Koch, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Robert K. Hur, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joann Britt appeals the district court's dismissal of her employment-discrimination, hostile-work-environment, and retaliation claims against her former employer, the United States Postal Service. Because Britt's complaint failed to state a plausible claim on any count, we affirm the district court's dismissal.

I.

On February 23, 2012, after over ten years of working for the Postal Service in Emmitsburg, Maryland, Britt filed for workman's compensation and disability due to a shoulder injury. Sometime later, Britt underwent surgery on her right shoulder. Britt returned to her post at Emmitsburg in November 2016 with a "workman's compensation Modified Assignment" issued by the U.S. Department of Labor. J.A. 6.[1] The "Modified Assignment" governed Britt's work hours and included weight-lifting restrictions.

Upon her return to work, Britt claims she was "subjected to harassment, discrimination[,] and retaliation." J.A. 6. She alleges that she was constantly denied her fifteen-minute breaks and was assigned work prohibited by her Modified Assignment. She was also forced to complete additional duties outside of the Modified Assignment, including "dangerous lifting of heavy mail," due to a coworker's unapproved leave. *Id.* Moreover, her limited duties allegedly caused resentment among her coworkers, particularly Hope Victoria Alcorn, who was required to work "outside her regular hours" to accommodate Britt. J.A. 7.

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

2

Beyond mere resentment, Britt alleges that the Acting Postmaster, Eric Darr, "mocked [her] for her disability," once asking her "why don't you go and get a job at a doctor's office" in reference to her frequent doctor appointments. J.A. 6. Britt further claims that her coworkers told approximately ten customers that Britt was "the reason that the [Emmitsburg] post office did not have a postmaster because no one wanted to work in that office because of her." *Id.*

The tipping point, however, arose on April 14, 2017, when Britt was placed on emergency leave without pay due to allegedly "false allegations" of an altercation with Alcorn, in which Britt forcibly tugged or grabbed letters out of Alcorn's hand. J.A. 8. After being "unlawfully" placed on leave, Britt filed an Equal Employment Opportunity ("EEO") complaint against Darr, Alcorn, and another coworker, Amanda Whetzel. *Id.* On May 22, 2017, Britt "received back in her mail a stamped draft of her . . . EEO complaint of discrimination." *Id.* "Immediately after" that piece of mail was delivered, Britt was issued a Notice of Removal from the Post Service, citing the altercation with Alcorn. *Id.*

After an administrative review, the Postal Service found that Britt failed to state a prima facie case of discrimination. Britt responded by filing a complaint in federal court, alleging (1) disability discrimination under the Rehabilitation Act, 29 U.S.C. § 794, (2) age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, and (3)(a) a hostile-work-environment and (3)(b) retaliation claim resulting from her workman's compensation filing and EEO complaint. The district court dismissed Britt's complaint under Federal Rule of Civil Procedure 12(b)(6) because it failed to "present enough evidence to prove a *prima facie* case" of discrimination. *Britt v. Brennan*, No. CV

3

RDB-19-0401, 2020 WL 1701711, at *3 (D. Md. Apr. 8, 2020). Counts (1)–(3)(a) were dismissed with prejudice, while Count 3(b) was dismissed without prejudice. *Id.* at *7. Britt timely appealed.

In September 2021, a panel of this Court heard oral argument, but questioned whether this Court had jurisdiction to hear Britt's appeal. The Court, sitting en banc, held that we do, and returned the merits of Britt's appeal to this panel for decision. *Britt v. DeJoy*, 45 F.4th __, 2022 WL 3590436, at *7 (4th Cir. Aug. 17, 2022) (en banc).

## II.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim. *See Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, "we must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). We may also "consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" *Id.* (quoting *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012)).

To survive a 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is *plausible* on its face.'" *Id.* at 145 (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To be plausible, the complaint must contain sufficient factual allegations to "allow[] the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] *Paradise Wire*, 918 F.3d at 317 (quoting *Iqbal*, 556 U.S. at 678). Britt's complaint falls well short of this standard for each of the alleged claims.

A.

We turn first to Britt's Rehabilitation Act claim. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity . . . conducted by . . . the United States Postal Service." 29 U.S.C. § 794(a).

Britt failed to plausibly state a claim under this statute as she did not allege facts demonstrating that she was dismissed "*solely* by reason of her . . . disability." *Id.* (emphasis added). To wit, while she claims that she was denied fifteen-minute breaks and forced to complete additional work outside the bounds of her Modified Assignment due to a coworker's unapproved leave, she offers nothing more than mere speculation that this

---

[2] Critically, "'an employment discrimination plaintiff need not plead a prima facie case of discrimination' to survive a motion to dismiss." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)), *abrogated on other grounds by Britt*, 45 F.4th __, 2022 WL 3590436. Instead, a plaintiff need only allege facts sufficient to "to satisfy the elements of a cause of action created by that statute." *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).

The district court therefore erred in requiring Britt to "prove a *prima facie* case" of harassment and discrimination under the burden-shifting rule of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Britt*, 2020 WL 1701711, at *3; *see id.* at *4–6. However, "we may affirm the dismissal despite the district court's erroneous analysis if the complaint fails under the ordinary rules for assessing sufficiency." *Holloway v. Maryland*, 32 F.4th 293, 298–99 (4th Cir. 2022).

5

occurred *due* to her disability. Nor does she explain how the alleged resentment and harassment linked back to her dismissal. Thus, she fails to plausibly allege that she was "subjected to discrimination" at work "solely by reason of her disability."

B.

Britt's age-discrimination claim suffers from similar deficiencies. The Age Discrimination in Employment Act provides that "personnel actions" affecting federal employees aged 40 and older "shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a).

Although Britt falls within the covered age range, her amended complaint offers nothing but wholesale speculation linking her age to her dismissal. Britt argues that the Postal Service "sought to constructively discharge [her] because of her age"—she was 45 at the time—"because [a] coworker[, Whetzel,] . . . who is 10 years younger than her, wanted her employment position." J.A. 10. But the only factual allegations offered in support of this claim are that (1) Whetzel—who already worked at the same office—was hired into Britt's position six months after she was terminated, and (2) Whetzel would benefit from the increased hours. These facts cannot support a reasonable inference that the Postal Service terminated Britt's employment because of her age and not the altercation with Alcorn. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020) (holding that the plaintiff's alleged facts about his termination could not plausibly state a claim of racial discrimination, particularly where he "specifically alleged a non-racial reason for the termination"), *abrogated on other grounds by Britt*, 45 F.4th __, 2022 WL 3590436. The

6

district court, therefore, appropriately dismissed this claim as too speculative and conclusory to withstand a motion to dismiss.

C.

The district court also properly dismissed Britt's third claim regarding a hostile work environment. To establish a hostile-work-environment claim, a plaintiff "must demonstrate that the alleged conduct: 1) was unwelcome; 2) resulted because of her gender, disability, or prior protected activity; 3) was sufficiently severe or pervasive to alter the conditions of her employment; and 4) was imputable to her employer." *Pueschel v. Peters*, 577 F.3d 558, 564–65 (4th Cir. 2009) (internal quotation marks omitted).

Here, Britt's factual assertions fall short of plausibly alleging a "severe and pervasive" abusive working environment. To determine whether the challenged conduct "was objectively 'severe or pervasive,'" we look "'at all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

Britt's only factual allegations in support of her hostile-work-environment claim are that (1) she was often denied her fifteen-minute breaks; (2) she was made to work other staff's hours and lift boxes heavier than permitted by her Modified Assignment; (3) she faced resentment from her coworkers; (4) she was once told by Darr to find a job at a doctor's office; (5) her coworkers told ten customers that her office did not have a postmaster because no one wanted to work with her; (6) Alcorn would refuse to help her

7

at the mail counter; and (7) through all these activities, Alcorn and Darr tried to "intimidate [her] into quitting." *Britt*, 2020 WL 1701711, at *5. But, as the district court observed, even taken in the light most favorable to Britt, these facts amount to nothing more than "sporadic incidents," "none of which were extremely serious," and none of which rise to the level of "severe or pervasive" conduct. *Id.*; *cf. Edmonson v. Potter*, 118 F. App'x 726, 730 (4th Cir. 2004) (per curiam) (finding no hostile work environment where a Postal Service worker claimed her "light duty work . . . fostered an atmosphere of resentment . . . among her co-workers").

D.

Finally, Britt argues that the Postal Service unlawfully retaliated against her for seeking workers' compensation and later filing an EEO complaint. To make out a retaliation claim under the Rehabilitation Act, a plaintiff must allege "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

As an initial matter, Britt challenges the district court's conclusion that the only "protected activity" that Britt engaged in was her filing of an EEO complaint, and not her filing for workers' compensation. *Britt*, 2020 WL 1701711, at *6. Notably, this Court has previously held that "[f]iling a workers' compensation claim is not something that is covered by the ADA" and therefore is not a protected act under the ADA's anti-retaliation provision, 42 U.S.C. § 12203(a). *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012). "The ADA and Rehabilitation Act generally are construed to impose the same

8

requirements due to the similarity of the language of the two acts." *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999). And the Rehabilitation Act incorporates the ADA's anti-retaliation provision. *See Pearlman v. Pritzker*, 564 F. App'x 716, 718 (4th Cir. 2014) (per curiam); 29 U.S.C. § 794(d). It would seem to logically flow, then, that "[f]iling a claim for workers' compensation does not constitute protected activity under . . . the Rehabilitation Act[.]" *Lanza v. Postmaster Gen. of the U.S.*, 570 F. App'x 236, 241 (3d Cir. 2014).

Moreover, even if this activity was protected, Britt failed to plausibly allege causation. A causal connection can be demonstrated by "show[ing] that 'the adverse act bears sufficient temporal proximity to the protected activity,'" showing "the existence of facts that 'suggest[ ] that the adverse action occurred because of the protected activity,'" or a combination thereof. *Smith v. CSRA*, 12 F.4th 396, 417 (4th Cir. 2021) (quoting *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 123 (4th Cir. 2021)). Britt failed to proffer any link between her claim for workers' compensation and her termination other than mere speculation.[3] And too much time passed between Britt's filing for worker's compensation in 2012 and her termination in 2017 to establish a plausible causal link based on temporal proximity alone. *Roberts*, 998 F.3d at 127 (explaining that, "absent other evidence of a

---

[3] Britt also seemingly suggests that her limited-duty status and weightlifting restrictions were "protected activities" under the Rehabilitation Act. Even assuming that is true, she has not provided any connection, beyond speculation, between those activities and her termination. *See Reynolds*, 701 F.3d at 154 (rejecting a plaintiff's retaliation claim even though the plaintiff's supervisor required him to "move items in excess of [his lifting] limitation," since even assuming it met the first two prongs of the retaliation test, he failed to allege facts supporting a causal nexus).

causal relationship, [even] a lapse of two months between the protected activity and the adverse action is sufficiently long so as to weaken significantly the inference of causation" (internal quotation marks omitted)).

Britt's remaining retaliation claim also fails to plausibly allege a causal link between the protected activity—filing an EEO complaint—and the adverse employment action—her dismissal. As the district court pointed out, Britt's amended complaint never alleges *when* she filed her EEO complaint. *Britt*, 2020 WL 1701711, at *6. However, an EEO inquiry report attached to the motion to dismiss suggests that Britt first contacted the EEO office on May 3, 2017.[4] So, nineteen days separated her initial contact with the EEO and her receipt of her Notice of Removal on May 22. This temporal proximity leans in favor of Britt but falls short of alleging a plausible causal link for two reasons.[5]

First, Britt had *already* been on unpaid leave for nearly three weeks before she contacted the EEO office. *Cf. Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." (quoting *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001))). Britt was put on unpaid leave for the

---

[4] Neither party challenges the district court's consideration of the Postal Service's Notice of Removal or EEO Inquiry Report as documents "integral" to the amended complaint. *Britt*, 2020 WL 1701711, at *2.

[5] *Cf. Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 879 (4th Cir. 2020) (per curiam) (noting that temporal proximity of less than a month "'weigh[ed] heavily' in support of concluding that [a]ppellant pled facts establishing causation," *especially where the appellant "pled more than mere temporal proximity to establish causation"* (emphasis added)).

10

altercation with Alcorn on April 14, and that altercation ultimately became the cited reason for her termination. *Cf. id.* (noting, in the context of a summary judgment action, that the fact that "[t]he actions that led to [the plaintiff's] probation and termination began *before* her protected activity" undermined a claim of retaliatory animus).

Second, her complaint fails to plausibly plead that Defendants were actually aware of her EEO complaint at the time they issued her Notice of Removal. Such knowledge may not be necessary to survive a motion to dismiss in every single case. *E.g.*, *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 878–79 (4th Cir. 2020) (per curiam) (holding that a plaintiff need not show the actual decision maker had knowledge of the protected activity to survive a motion to dismiss, but highlighting that the appellant's supervisors knew of his need for accommodations and denied them, and that they subsequently made false accusations against him). But the lack of a plausible allegation of knowledge surely undermines any charge of causality between the protected activity and the adverse employment action. *Cf. Amis v. Mayorkas*, No. 21-1544, 2022 WL 1090252, at *2 (4th Cir. Apr. 12, 2022) (per curiam) (affirming dismissal of a retaliation claim where the plaintiff "[did] not allege when he engaged in prior protected activity" and did not allege that the decision makers were aware of his participation in protected activity); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (discussing "cases that accept mere temporal proximity between *an employer's knowledge* of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case" (emphasis added)).

11

Instead, she suggests in her Opening Brief that we infer that, because Defendants worked at the Post Office, they must have seen a (sealed) piece of mail delivered to her from the EEO office, recognized it as a complaint against them, and immediately retaliated against her for it by, within hours, preparing and filing a notice of removal. Opening Br. at 15. Even if we could conclude that these inferences fairly arise from the thin allegations in her complaint—which state merely that "immediately after delivery" of her EEO complaint "by the same individuals the complaint was against," Britt "was issued a notice of removal"—they are dispelled by the fact that the Notice of Removal is dated May 19, 2017. J.A. 8; *see* J.A. 54–55. That is three days *before* the placement of her EEO draft complaint in her mailbox. She does not allege that Defendants mendaciously backdated the Notice of Removal to create the appearance that it was *not* in retaliation for her EEO complaint. Given the dearth of relevant facts, there is no plausible inference that retaliatory animus caused Britt's termination.

The factual allegations contained within the complaint as to Britt's retaliation claim therefore fail to "raise a right to relief above the speculative level." *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III.

For the aforementioned reasons, we affirm the district court's dismissal with prejudice of Britt's disability and age-discrimination claims as well as her hostile-work-environment claim. We also affirm the district court's dismissal without prejudice of Britt's retaliation claim.

*AFFIRMED*

13